Victor A. Sahn (CA Bar No. 97299)
  vsahn@sulmeyerlaw.com
Dean G. Rallis Jr. (CA Bar No. 94266)
  drallis@sulmeyerlaw.com
Asa S. Hami (CA Bar No. 210728)
  ahami@sulmeyerlaw.com
**Sulmeyer**Kupetz
A Professional Corporation
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, California 90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

Attorneys for the Official Committee of
Unsecured Creditors

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| In re<br><br>MERUELO MADDUX PROPERTIES, INC., et al.,<br><br>    Debtor and Debtor in Possession. | Case No. 2:11-cv-05577-SVW<br><br>Bankruptcy Case No. 1:09-bk-13356 VK<br><br>**OPPOSITION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMERGENCY MOTION OF RICHARD MERUELO FOR STAY PENDING APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:<br>Time:<br>Place:   312 North Spring Street<br>             Courtroom 6, 2nd Fl.<br>             Los Angeles, CA 90012 |

AGONZALEZ\ 724872.1

## I.

## <u>Introduction</u>

In March of 2009, Meruelo Maddux Properties, Inc. and 54 related entities filed Chapter 11 petitions before the Bankruptcy Court.  Since the bankruptcy filings for these many related entities, there has been significant and exhaustive litigation on very significant issues.  There have been appeals taken from prior orders of the Bankruptcy Court in these cases.  There were originally three competing Plans of Reorganization filed in these bankruptcy cases-one by the Debtors, and one by Charlestown and a third Plan by East-West Bank and Legendary Investors Group No. 1, LLC.  There was litigation before the Bankruptcy Court on all three Plans for a period of time until the East-West Bank/Legendary Investors Group No. 1, LLC Plan was withdrawn.

Since the withdrawal of the third plan, there has been significant and continuing litigation with respect to whether the Plan of Reorganization offered by the Debtors or the Plan offered by Charlestown should be confirmed.  Each party was given an opportunity to solicit votes from creditors and interest holders whose positions were impaired under each Plan, and the Bankruptcy Court received and considered objections to confirmation of each Plan.  There were dozens of depositions, thousands or ten's of thousands of pages of documents exchanged, and multiple days of trial before the Bankruptcy Court regarding consideration of the two Plans.

Finally, during the course of litigation before the Bankruptcy Court, Charlestown met and worked with the many impaired classes of creditors who voted against its Plan and filed written objections to confirmation of its Plan.  The Debtors, with respect to their Plan, did the same thing.  Charlestown was successful in settling with every party who opposed their Plan and voted against it.  The Debtors were not successful and had numerous parties (detailed below) who opposed their Plan.  <u>At the end of this process, when it came time for the Bankruptcy Court to choose which Plan to confirm, it chose the Charlestown Plan because Charlestown had obtained the consent of every impaired class of creditors or interest holders except for Mssrs. Meruelo or</u>

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA  90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1  <u>Maddux, who are the appellants in this matter.</u> (emphasis added)  Contrary to the
2  statements contained in the two emergency motions for a temporary stay pending
3  appeal, there was never a finding that the Debtors' Plan was confirmable.  There was
4  substantial opposition to its confirmation other than from the Equity Committee and
5  Charlestown.  Bank of America (secured claim of approximately $50-$60 Million) PNL
6  Pomona (secured claim of approximately $10 Million), Metropolitan Transit Authority
7  (unsecured claim of approximately $6.2 Million, CIM Urban (asserted an interest in one of
8  the Debtors' Property) and Chinatrust (secured claim in the seven figures).  All of these
9  parties voted in favor of the Charlestown Plan.  The Motion for Stay Pending Appeal fails
10 to inform this Court of that crucial information and that one of the main reasons the
11 Charlestown Plan was confirmed was because it was the only confirmable Plan
12 presented to the Court.
13         The Motion for Stay pending appeal should be denied as well as the
14 emergency motion for a temporary stay because there is only one confirmable Plan in
15 these cases.  Further, the Debtors' business (due to the questionable management ethics
16 and competence of the Appellants Meruelo and Maddux) has very significant need for
17 large capital infusions.  The Charlestown Plan will enable those capital infusions to come
18 about and will immediately put the Debtors' business, <u>which has never made an
19 operating profit for any month that it has been in Chapter 11, or for any month since the
20 Debtors first went public years before</u>, in a position where it will have adequate capital
21 and competent and honest management at the helm for the first time.  This can occur as
22 early as July 8, 2011 and this should occur without delay.  (emphasis added)

                                        **II.**

                                     **<u>Argument</u>**

25         This appeal represents appellants' *third* attempt to reverse the bankruptcy
26 court's decision to confirm a consensual chapter 11 plan that pays unsecured creditors in
27 full, with interest, immediately.  Creditors have been waiting a long time to reach plan
28 confirmation, get paid and close this saga.  This bankruptcy case has been pending for

AGONZALEZ\ 724872.1                              3

well over 2 years and creditors have endured many months of plan confirmation discovery and a multi-week trial over two competing plans *[See Findings p. 2 for all dates of trial and post-trial hearings]*. Nevertheless, Appellants now – for the *second* time – seek to stay the order confirming the plan and, in turn, further delay conclusion of these cases. No grounds exist to warrant any stay.

During the course of these cases, the Debtors have repeatedly warned that a Plan of Reorganization must be Effective by May 31 or the companies will run out of cash and no reorganization at all will be possible. We are now at July 7, 2011, and no Plan has gone Effective yet, however, the confirmed Plan of Charlestown is about to go Effective. When that happens on or very shortly after July 8, the Debtors will be back on sound financial footing and operating under competent and honest management. Neither the Debtors nor their creditors should be held hostage to the appeal by two shareholders, notwithstanding the amount of stock that they hold. This process must come to an end because to do otherwise puts the Debtors and their creditors at risk.

Contrary to the points made in the Motion for Temporary Stay, the Bankruptcy Court issued tentative rulings regarding cramdown of interests and the value of the stock. The court conducted lengthy hearings on these issue; and Mssrs. Meruelo, Maddux and the Debtors argued at length about the Court's findings. The court was not persuaded and it confirmed Charlestown plan as being the best plan (more feasible, more consensual) (See Conclusions of Law, ¶ 14).

The Debtors, Meruelo and Maddux filed a motion to reconsider the confirmation ruling based solely upon the stock issues now raised by the Appellants. The Court granted a shortened time hearing; the Court conducted a lengthy hearing on this emergency motion; and the Court denied this Motion

The Court has now entered a Confirmation order in connection with the Charlestown Plan; and has entered an 86-page Findings of Fact and Conclusions of Law. The issues on appeal are factual in nature as they all pertain to the fairness of the valuation given by the Bankruptcy Court to the stock held by the Appellants. The

likelihood of success on appeal is very low or non-existent as such findings are reviewed based upon an abuse of discretion standard.  If the stay is granted, however, the harm to creditors including the unsecured creditors in these bankruptcy cases will be real and substantial as it will leave the business under-capitalized or without sufficient operating capital.  While such a stay would be pending, the Debtors could easily go out of business.  Accordingly, in the off-chance that the Court grants a temporary stay, such stay must be conditioned upon the posting of a bond that covers all of the claimants and, in the case of the unsecured creditors, must be at least in the amount of $8 Million.

### A. Appellants Are Not Entitled to Any Stay Pending Appeal

### The Standard for Obtaining a Stay Pending Appeal Are Extremely Difficult to Meet

F.R. Bankr. Proc. 8005 provides:

A motion for a stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance.  Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest. A motion for such relief, or for modification or termination of relief granted by a bankruptcy judge, may be made to the district court or the bankruptcy appellate panel, but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge.  **The district court or the bankruptcy appellate panel may condition the relief it grants under this rule on the filing of a bond or other appropriate security with the bankruptcy court. When an appeal is taken by a <u>trustee</u>, a bond or other appropriate security <u>may</u> be required**, but when an appeal is taken by the United States or an officer or agency thereof or by direction of any department of the Government of the United States a bond or other security shall not be required.

FRBP 8005 (emphasis added).

To obtain a stay pending appeal, the court considers the following four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay;

(3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." In re Red Mountain Machinery Company, 2011 Bankr. LEXIS 2043, *1-2 (Bankr. D. Ariz. June 2, 2011) (denying motion for stay pending appeal) (citing Leiva-Perez v. Holder, 2011 U.S. App. LEXIS 6740, *2 (9th Cir. April 1, 2011)).

Appellants bear the burden of proof on each of the foregoing elements: "The party moving for a stay has the burden on each of these elements." [Citation omitted]. "Movant's failure to satisfy one prong of the standard for granting a stay pending appeal dooms the motion." Ohanian v. Irwin (In re Irwin), 338 B.R. 839, 843 (E.D. Cal. 2006) (denying motion for stay pending appeal). See also, In re Spiritos, 2009 U.S. Dist. LEXIS 119524, *6 (C.D. Cal. Dec. 3, 2009) (same).

The Bankruptcy Court already denied a request for a stay. In such circumstances, "the appellate court's review is limited to a simple determination of whether the bankruptcy court abused its discretion" in finding that the appellant failed to establish these four elements. Dynamic Finance Corporation v. Kipperman (In re North Plaza, LLC), 395 B.R. 113, 119 (S.D. Cal. 2008) (citing Wymer v. Wymer (In re Wymer), 5 B.R. 802 (B.A.P. 9th Cir. 1980) and noting that "the majority of decisions which approach motions to stay [do so] under an abuse of discretion standard"). See also, Irwin, 338 B.R. at 844 (holding that, when a bankruptcy court denied appellant's initial request for a stay, "the appellate court simply determines whether the trial court abused its discretion."); Spiritos, 2009 U.S. Dist. LEXIS at *5-6 ("The Court reviews the bankruptcy court's ruling on the issue of a stay of its order pending appeal for abuse of discretion."); .

An "abuse of discretion" standard allocates substantial deference to the lower court's findings and decision. As one court explained:
"When a bankruptcy court has ruled on the issue of a stay of its order pending appeal, the district court, sitting as an appellate court, reviews that decision for abuse of discretion." Universal Life Church v. United States, 191 B.R. 433, 444 (E.D. Cal. 1995).

AGONZALEZ\ 724872.1                                6

"Discretion will be found to have been abused when the judicial action is arbitrary, fanciful or unreasonable which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court.  If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion.  It is equally well-established that on appeal to the district court from bankruptcy court, issues of law are reviewed de novo while the district court is constrained to accept the bankruptcy court's findings of facts unless they are clearly erroneous." In re Blackwell, 162 B.R. 117, 119 (E.D. Penn. 1993); Irwin, 338 B.R. at 844.

The Appellants cannot possibly satisfy the standard for obtaining either a permanent stay or a temporary stay pending appeal.  In determining whether to grant stay pursuant to Fed. R. Bankr. P. 8005 pending appeal of bankruptcy court's confirmation order approving plan of reorganization, the court followed standard used under Fed. R. App. P. 8(a)(1)(A) for stays of district court orders pending appeals to circuit court. ACC Bondholder Group v Adelphia Communs. Corp. (In re Adelphia Communs. Corp.) (2007, SD NY) 361 BR 337 (criticized in Turner v Frascella Enters. (In re Frascella Enters.) (2008, BC ED Pa) 388 BR 619).

An appellant seeking a discretionary stay pending appeal under Fed. R. Bankr. P. 8005 must prove that (1) appellant is likely to succeed on merits of appeal; (2) appellant will suffer irreparable injury; (3) no substantial harm will come to appellee; and (4) stay will do no harm to public interest. Party moving for stay has burden on each of these elements, **and movant's failure to satisfy one prong of the standard for granting a stay pending appeal dooms the motion**. Ohanian v Irwin (In re Irwin) (2006, ED Cal) 338 BR 839, adversary proceeding, motion gr, dismd (2007, ED Cal) 2007 US Dist LEXIS 45848. (emphasis added).  In considering the text of Fed. R. Bankr. P. 8005 as a whole, the U.S. District Court for the Southern District of California joins a majority of courts whose decisions approach motions to stay an order pending appeal under an abuse of discretion standard, where the motion has been presented in the first

1 instance to the bankruptcy court. <u>Dynamic Finance Corp. v Kipperman</u> (In re North Plaza,
2 LLC) (2008, SD Cal) 395 BR 113; See <u>In re Kent</u>, 145 B.R. 843, 844 (Bankr. E.D. Va.
3 1991) ("<u>These creditors have been forced to sit and wait for eighteen months while real</u>
4 <u>estate taxes, interest, penalties and fees have continued to accrue to their detriment. Any</u>
5 <u>further delay would increase the already substantial harm that has been suffered</u>.";
6 emphasis added) and stating that potential mootness is <u>not</u> enough for irreparable harm.

7 In this case, pursuant to Fed. R. Bankr. P. 3020(e) and Fed. R. Bankr. P.
8 8005, the bankruptcy court denied stay pending appeal of its order confirming plan of
9 reorganization because (1) appeal would not have likelihood of success where
10 bondholder group's objection to settlement in plan required it to show that settlement fell
11 below lowest range of reasonableness and support for plan was overwhelming; (2)
12 extension of stay would have prejudiced general unsecured creditors, who incurred
13 significant funds each day as result of debtors' continuing post-petition interest payments
14 on $ 5.2 billion bank debt; and (3) it would have been unconscionable and against
15 interests of public to thwart will of overwhelming majority, 30 of 30 classes who voted for
16 plan. <u>In re Adelphia Communs. Corp</u>. (2007, BC SD NY) 368 BR 140, app dismd (2007,
17 SD NY) 367 BR 84 and app dismd (2007, SD NY) 371 BR 660, affd (2008, CA2 NY) 544
18 F3d 420, 50 BCD 166, 60 CBC2d 453, CCH Bankr L Rptr P 81328.

19 Finally, in this case, if any stay is issued, the appellant normally has to post
20 a supersedeas bond pursuant to Bankruptcy Rule 8005 in order to obtain a stay of
21 Bankruptcy Court judgment; <u>Steinberg v Esposito</u> (1987, ND Ill) 81 B.R. 449.
22 As the same reasoning that applies to the posting of bond pursuant to Fed. R. Civ. P.
23 62(d) also applies to the posting of bond under Fed. R. Bankr. P. 8005, a court deciding
24 whether to require a bond under Fed. R. Bankr. P. 8005 in support of stay of a
25 bankruptcy court's order should set bond at or near full amount of potential harm to non-
26 moving parties if (1) a stay pending appeal is likely to cause harm by diminishing the
27 value of the estate or endanger non-moving parties' interest in ultimate recovery and (2)
28 there is no good reason not to require posting of bond. <u>ACC Bondholder Group v</u>

Adelphia Communs. Corp. (In re Adelphia Communs. Corp.) (2007, SD NY) 361 BR 337 (criticized in Turner v Frascella Enters. (In re Frascella Enters.) (2008, BC ED Pa) 388 BR 619).  A supersedeas bond was ordered when matter was stayed pending appeal because the bankruptcy trustee had shown that a bond was needed to protect potential diminishment in value of property at issue during pendency of appeal, and appellees had not shown extraordinary circumstances for denying supersedeas bond. In re Weinhold (2008, BC MD Fla) 389 BR 783, 21 FLW Fed B 386, remanded on other grounds (2009, MD Fla) 2009 US Dist LEXIS 31401.

In this case, the Appellant has not offered to provide a bond for a temporary stay.  In fact, they state that no bond should be required of them.  Even a temporary stay will cause significant harm to creditors where there are assets, as here, which are worth hundreds of millions of dollars and creditors who have claims that are adequately addressed in the Charlestown Plan and inadequately addressed in the Debtors' Plan that Meruelo and Maddux favor.  A bond that recognizes the stakes in terms of financial harm to these many constituencies must be issued if there is to be a stay for any period of time.

### III.
### Conclusion

The Motion for Stay Pending Appeal and the Emergency Motion for Temporary Stay must be denied.  The Unsecured Creditors Committee requests such other and further relief as is just and appropriate in the circumstances.

DATED: July 7, 2011            **Sulmeyer**Kupetz
                               A Professional Corporation

                               By:  /s/Victor A. Sahn
                                    Victor A. Sahn
                                    Attorneys for Official Committee of Unsecured
                                    Creditors of Meruelo Maddux Properties, Inc.

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 333 South Hope Street, Thirty-Fifth Floor, Los Angeles, California 90071-1406.

On July 7, 2011, I served true copies of the following document(s) described as **OPPOSITION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMERGENCY MOTION OF RICHARD MERUELO FOR STAY PENDING APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action as follows:

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address agonzalez@sulmeyerlaw.com to the persons at the e-mail addresses listed in the attached Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 7, 2011, at Los Angeles, California.

/s/Andrea Gonzalez
Andrea Gonzalez

AGONZALEZ\ 724869.1

## SERVICE LIST

**Attorneys for Richard Meruelo**
Marc S. Harris, Esq.
Julio V. Vergara, Esq.
Scheper Kim & Harris LLP
mharris@scheperkim.com
jvergara@scheperkim.com

David J. Richardson, Esq.
The Creditors' Law Group, PC
djr@thecreditorslawgroup.com

**Attorneys for Charlestown Capital Advisors, LLC And Hartland Asset Management Corporation**
Christopher E Prince, Esq.
Lesnick Prince LLP
cprince@lesnickprince.com

Cynthia M Cohen, Esq.
Paul, Hastings, Janofsky & Walker LLP
cynthiacohen@paulhastings.com

**Attorneys for Meruelo Maddux Properties, Inc.**
John N Tedford, Esq.
Danning Gill Diamond & Kollitz
jtedford@dgdk.com

Gary Klausner, Esq.
Stutman Treister & Glass PC
gklausner@stutman.com

**Attorneys for John Charles Maddux, the John Charles Maddux Trust U/D/T dated July 24, 2006, and Sunstone Bella Vista, LLC**
David B. Shemano, Esq.
Peitzman, Weg & Kempinsky LLP
dshemano@pwkllp.com

**Attorneys for CIM Urban Re Fund GP II, LLC as Successor in Interest to Grand Avenue Lofts, LP**
Peter J. Gurfein, Esq.
Landau Gottfried & Berger LLP
pgurfein@lgbfirm.com

**Attorneys for FNBN-CMLCOM I LLC**
David E. Leta, Esq.
Snell & Wilmer
dleta@swlaw.com

**Attorneys for PNL Pomona L.P.**
Cara Hagan, Esq.
Hagan & Associates
carahagan@haganlaw.org

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

AGONZALEZ\ 724869.1

1  **Attorneys for Legendary Investors Group No. 1, LLC**
   Jeffrey Dulberg, Esq.
2  Pachulski Stang Ziehl & Jones
   jdulberg@pszjlaw.com
3
   **Attorneys for California Bank & Trust**
4  Daniel H. Slate, Esq.
   Buchalter Nemer
5  dslate@buchalter.com

6  **Attorneys for Bank of America**
   Eric Pezold, Esq.
7  Snell & Wilmer
   epezold@swlaw.com
8
   **Attorneys for China Trust Bank**
9  Steven Linkon, Esq.
   Routh Cabtree Olsen P.S.
10 slinkon@rcflegal.com

11 **Attorneys for Los Angeles County Tax Collector**
   Barry Glaser, Esq.
12 Steckbauer Weinhart Jaffe LLP
   bglaser@swjlaw.com
13
   **Office of the United States Trustee**
14 Jennifer L. Braun, Esq.
   Jennifer.l.braun@usdoj.gov
15
   **Attorneys for Official Committee of Equity Holders**
16 Kenneth K. Lee, Esq.
   Jenner Block
17 klee@jenner.com

18
19
20
21
22
23
24
25
26
27
28